# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DARREN JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>KALAT, BAILEY, and T. COBB,<br><br>Defendants. | 2:21-CV-10085<br><br>ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND SUMMARILY DISMISSING THE COMPLAINT UNDER 28 U.S.C. § 1915(g) |

Plaintiff Darren Johnson, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint in the United States District Court for the Western District of Michigan on December 28, 2020. ECF No. 1. On January 8, 2021, United States Magistrate Judge Sally J. Berens transferred the case to this district because venue is proper here. ECF No. 4.

Plaintiff did not prepay the filing fee in the Western District of Michigan, and Magistrate Judge Berens did not decide whether Plaintiff could proceed *in forma pauperis*. *Id.* at PageID.105. This Court has determined for the reasons given below that Plaintiff may not proceed *in forma pauperis*, and because he has previously been informed about his ineligibility to proceed *in forma pauperis* in federal court, the Court will dismiss the complaint without prejudice.

# I. Background

Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. ECF No. 1, PageID.1. Defendants are employed by MDOC at JCF. Kalat is a librarian, Bailey is a deputy warden, and T. Cobb is a grievance coordinator. *Id.* at PageID.2.

Plaintiff alleges in his complaint that Kalat put him at risk of contracting the coronavirus known as COVID-19 by providing him with legal materials that had been touched by inmates who had been exposed to COVID-19. *Id.* at PageID.3. Plaintiff further alleges that Bailey did not stop Kalat from loaning the materials to Plaintiff, and that defendant T. Cobb did not process Plaintiff's grievances about the issue. *Id.* at PageID.3-4. Plaintiff sues the defendants in their personal and official capacities for declaratory, monetary, and injunctive relief. *Id.* at PageID.2, 5.

# II. Discussion

## A. The "Three Strikes" Rule

As noted above, Plaintiff did not prepay the filing fee for this action when he filed his complaint. Although he did apply for leave to proceed without prepaying the filing fee, ECF Nos. 2, 2-1, and 2-2, three of his previous complaints were dismissed as frivolous or for failure to state a claim. Therefore, a preliminary question is whether Plaintiff may proceed without prepaying the filing fee for his complaint.

Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in *Coleman*, "a special 'three strikes' provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she 'has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

An exception to the "three strikes" provision applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

"[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder,* 290 F. App'x 796, 797 (6th Cir. 2008)).

> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts

may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner,* 290 Fed. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor* [*v. First Med. Mgmt.*, 508 Fed. App'x 488, 492 (6th Cir. 2012)] ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.*

### B. Application

Three of Plaintiff's previous cases were dismissed as frivolous or for failure to state a claim. *See Johnson v. Kuehe*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-12543 (E.D. Mich. Aug. 2, 2012); *Johnson v. Quist,* No. 2:12-cv-11907 (E.D. Mich. July 10, 2012). Several more cases of his were dismissed under § 1915(g) due to his three "strikes." *See Johnson v. Mark, et al.*, No. 2:17-cv-10232 (E.D. Mich. Feb. 28, 2017); *Johnson v. Pallas, et al.*, No. 1:17-cv-1016 (W.D. Mich. Feb. 7, 2018); *Johnson v. Miller, et al.*, No. 1:17-cv-884 (W.D. Mich. Dec. 7, 2017); *Johnson v. Kinder, et al.,* No. 2:16-cv-12698 (E.D. Mich. Aug. 23, 2016); and *Johnson v. Hulet, et al.,* No. 1:13-cv-837 (W.D. Mich.

4

Oct. 7, 2013). Plaintiff, therefore, may proceed without prepaying the filing fee only if he was in imminent danger when he filed his complaint.

Plaintiff alleges that he is incarcerated under conditions posing a substantial risk of serious harm. ECF No. 1, PageID.3. To support this allegation, Plaintiff points to a warden's letter, which indicates that JCF was placed on COVID outbreak status on November 2, 2020, due to recent positive cases of the virus in the facility. ECF No. 1-2, PageID.9. Another attachment to Plaintiff's complaint shows that there was one positive case of COVID-19 at JCF as of November 23, 2020, and seven positive cases of COVID-19 at JCF as of November 30, 2020. ECF No. 1-4, PageID.13-14. Plaintiff concludes from those documents that he is under imminent danger of serious physical injury. ECF No. 1, PageID.3; ECF No. 3, PageID.102.

The Court acknowledges that COVID-19 "is highly infectious" and if contracted, it "can cause severe complications or death." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). But merely because Plaintiff currently is a prisoner within an MDOC prison "does not mean that he is at a high risk of contracting COVID-19." *Littlejohn v. Whitmer*, No. 2:20-cv-39, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020) (unpublished).

Plaintiff's contention that he is at risk of contracting COVID-19 is conclusory and speculative, given the precautions that MDOC is taking

to prevent spread of the disease, *see* ECF No. 1-2, PageID.9[1], and the lack of any indication that, due to his age or some pre-existing condition, he is particularly susceptible to contracting COVID-19 and becoming seriously ill. His "speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger." *Taylor v. Washington*, No. 2:20-CV-174, 2020 WL 5887248, at *6 (W.D. Mich. Oct. 5, 2020) (unpublished).

## CONCLUSION

"Pauper status is a privilege, not a right, and [Plaintiff] lost it by repeatedly filing meritless lawsuits," *Gresham*, 938 F.3d at 851, and by not satisfying the "imminent danger" exception to § 1915(g). Accordingly, the Court denies Plaintiff's application to proceed without prepaying the fees and costs for this action, ECF No. 2, and dismisses his complaint, ECF No. 1, without prejudice under § 1915(g).

Finally, because Plaintiff has "three strikes," he may not proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(g). "[A]pplication of the 'three strikes' provision of 28 U.S.C. § 1915(g) is so well settled that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith." *McGore v. Detroit Police Officers*, No. 2:11-cv-12994, 2011 WL 2882477, at *2 (E.D. Mich. July 19, 2011) (citing 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S.

---

[1] *See also* www.michigan.gov/documents/corrections/DOM_2021-26R5_COVID_Final_3-19-21_____719919_7.pdf.

438, 445 (1962); and *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir.1997)).

**SO ORDERED.**

Dated: April 30, 2021       s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 30, 2021.

                            s/A. Chubb
                            Case Manager