# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**KALAT, BAILEY, and T. COBB,**<br><br>Defendants. | 2:21-CV-10085-TGB-PTM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT** |

Plaintiff, Darren Johnson, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint (ECF No. 1) and an application to proceed without prepaying the fees and costs for his complaint. ECF No. 2. On April 30, 2021, the Court denied Plaintiff's financial application and dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). ECF Nos. 6-7. Now before the Court is Plaintiff's motion to alter or amend the judgment (ECF No. 8) dismissing his case. Because Plaintiff has not satisfied the standard for altering or amending the judgment, the Court will deny his motion.

## I.  Background

Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. ECF No. 1, PageID.1. Defendants were employed at JCF when Plaintiff filed his complaint. Kalat was a

librarian, Bailey was a deputy warden, and T. Cobb was a grievance coordinator. *Id*. at PageID.2.

Plaintiff alleged in his complaint that Defendant Kalat disregarded an excessive risk to his health and safety by providing him with "legal materials" that had been touched by inmates who contracted COVID-19. *Id*. at PageID.3. Plaintiff also alleged that Defendant Bailey did not stop Defendant Kalat from loaning the materials to Plaintiff and that Defendant Cobb did not process Plaintiff's grievances about the issue. *Id*. at PageID.3-4. Plaintiff sued the defendants in their personal and official capacities for declaratory, monetary, and injunctive relief. *Id*. at PageID.2, 5.

On April 30, 2021, the Court denied Plaintiff's application to proceed without prepaying the filing fee and dismissed his complaint under 28 U.S.C. § 1915(g), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On May 14, 2021, Plaintiff filed a motion to alter or amend the judgment. ECF No. 8. He alleges that the Court made a clear error of law and abused its discretion when it denied his application to proceed

without prepaying the filing fee and dismissed his complaint under § 1915(g). *Id.* at PageID.11. He further alleges that the Court should allow him to proceed without prepaying the filing fee to prevent a manifest injustice. *Id.*

## II. Discussion

Plaintiff filed his pending motion under Federal Rule of Civil Procedure 59(e), which permits a party to move to alter or amend a judgment within 28 days after entry of the judgment. Plaintiff's motion is timely, but the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Plaintiff does not claim to have newly discovered evidence, nor has he asserted an intervening change in the law. Instead, he claims that the Court made a clear error of law when it concluded that he was not entitled to proceed under the "imminent danger" exception to the "three strikes" rule. Plaintiff maintains that he showed imminent danger of serious physical injury in his complaint and that the threat of serious physical injury is real and proximate.

In support of his claim of "imminent danger," Plaintiff alleges that Defendant Kalat is depriving him of reasonable safety by knowingly

3

providing him with legal materials that were touched by inmates who contracted COVID-19.  ECF No. 8, PageID.12.  Plaintiff points out that COVID-19 "is highly infectious," and if contracted, it "can cause severe complications or death."  *Id.* at PageID.13 (quoting *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020)).

Plaintiff also correctly asserts that the Eighth Amendment to the United States Constitution "protects against future harm to inmates." *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  Therefore, he is entitled to be furnished with basic human needs, including reasonable safety, and "a remedy for unsafe conditions need not await a tragic event." *Id.*

Nevertheless, as the Court pointed out in its previous order, MDOC has taken measures to prevent the spread of COVID-19.[1]  Petitioner himself could take precautions to ensure that his library materials do not infect him with COVID-19.  And he has not shown that, due to his age or some pre-existing condition, he is particularly susceptible to contracting COVID-19 and becoming seriously ill.

Furthermore, as of December 6, 2021, there were only two active COVID-19 cases at the Cotton Correctional Facility where Petitioner is incarcerated.[2]   As such, Plaintiff's argument that he is in imminent

---

[1]   *See*   https://www.michigan.gov/documents/corrections/DOM_2021-26R12_Combined_742681_7.pdf.

[2]   *See*   https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f4314 (scroll down to Total Confirmed Prisoner and Staff Cases to Date by Location).

danger of contracting COVID-19 is speculative and conclusory. Conclusory allegations are insufficient for purposes of § 1915(g)'s imminent-danger exception. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citing *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998)).

## III. Conclusion

Plaintiff has not shown that the Court clearly erred when it denied his application to proceed without prepaying the filing fee for failure to show that he was in imminent danger of serious physical injury. Plaintiff also has not shown that altering or amending the judgment is necessary to prevent a miscarriage of justice. Accordingly, the Court **DENIES** Plaintiff's motion to alter or amend the judgment (ECF No. 8).

**IT IS SO ORDERED.**

Dated: December 22, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE