# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **KALAT, BAILEY, and T. COBB**, <br><br> Defendants. | 2:21-CV-10085 <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION <br> (ECF No. 10) |

Plaintiff Darren Johnson is a state prisoner in the custody of the Michigan Department of Corrections (MDOC). On December 28, 2020, he filed a *pro se* civil rights complaint and an application to proceed without prepaying the fees and costs for his complaint. ECF Nos. 1-2. He filed those documents in the United States District Court for the Western District of Michigan, which transferred the case to this District on January 8, 2021. ECF Nos. 1, 4. On April 30, 2021, the Court denied Plaintiff's financial application and summarily dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). ECF Nos. 6-7.

Plaintiff subsequently filed a motion to alter or amend the judgment dismissing his case, and on December 22, 2021, the Court

denied his motion. ECF Nos. 8-9. Now before the Court is Plaintiff's motion for reconsideration of the order denying his motion to alter or amend the judgment. ECF No. 10. Because Plaintiff has not shown that the Court made a mistake in denying his motion to alter or amend the judgment or that new facts require a different result, the Court will deny the motion for reconsideration.

## I. Background

Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. ECF No. 1, PageID.1. Defendants were employed at JCF when Plaintiff filed his complaint. Kalat was a librarian, Bailey was a deputy warden, and T. Cobb was a grievance coordinator. *Id*. at PageID.2.

Plaintiff alleged in his complaint that Kalat disregarded an excessive risk to his health and safety by providing him with legal materials that had been touched by inmates who had contracted COVID-19. *Id*. at PageID.3. Plaintiff alleged that Bailey did not stop Kalat from loaning the materials to Plaintiff and that Cobb did not process Plaintiff's grievances about the issue. *Id*. at PageID.3-4. Plaintiff sued the

defendants in their personal and official capacities for declaratory, monetary, and injunctive relief. *Id.* at PageID.2, 5.

Three of Plaintiff's previous lawsuits were dismissed as frivolous or for failure to state a claim. Accordingly, on April 30, 2021, the Court denied Plaintiff's application to proceed without prepaying the filing fee and dismissed his complaint under 28 U.S.C. § 1915(g) (ECF No. 6), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On May 14, 2021, Plaintiff moved to alter or amend the judgment. ECF No. 8. He alleged that the Court made a clear error of law and abused its discretion when it denied his application to proceed without prepaying the filing fee and dismissed his complaint under § 1915. *Id.* at PageID.11. He further alleged that the Court should allow him to proceed without prepaying the filing fee to prevent a manifest injustice. *Id.* at PageID.14.

The Court denied Plaintiff's motion to alter or amend the judgment because (i) the MDOC had taken measures to prevent the spread of COVID-19, (ii) Plaintiff could have taken precautions to ensure that his library materials did not infect him with COVID-19, and (iii) he had not shown that, due to his age or some pre-existing condition, he was particularly susceptible to contracting COVID-19 and becoming seriously ill. ECF No. 9, PageID.19. The Court also concluded that, because there were only two active COVID-19 cases at the JCF as of December 6, 2021, Plaintiff's argument that he was in imminent danger of contracting COVID-19 was speculative and conclusory. *Id.* at PageID.19-20.

Plaintiff now seeks reconsideration of the order denying his motion to alter or amend the judgment. He alleges that the Court refuses to apply properly the "imminent danger exception" to § 1915(g), that he eventually contracted COVID-19, and that he is now subject to health complications, including death. ECF No. 10, PageID.22. In addition, according to him, the two active COVID-19 cases at the JCF show that the threat of serious physical injury is real and proximate and not speculative or conclusory. *Id.* He continues to maintain that defendant

4

Kalat should not have provided him with legal materials that other inmates touched during the COVID pandemic. *Id.* at PageID.23.

## II. Discussion

In this District, "[m]otions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2). They may be brought only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.*

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. Of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018). "Instead, the moving party must show that the Court made a mistake based on the record

before it, and rectifying the mistake would change the outcome." *Id*. at 902.

Plaintiff is rehashing arguments that he made in his complaint and in his motion to alter and amend the judgment. Although he has alleged a new fact -- that he contracted COVID-19 -- to support his contention that he is in imminent danger of serious physical injury, "the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder,* 290 F. App'x 796, 797 (6th Cir. 2008)). And "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden,* 938 F.3d 847, 850 (6th Cir. 2019).

Plaintiff has not shown that he was in imminent danger of death or severe bodily harm due to Kalat's conduct in late December 2020 when he filed his complaint. In fact, he alleged in a more recent complaint that he contracted COVID-19 in January 2022 when prison officials permitted individuals who tested positive for COVID-19, or who were exposed to COVID-19, to mingle with inmates like him who did not have the virus.

6

*See Johnson v. Carter, et al.*, No. 22-cv-10661, ECF No. 1, PageID.5-7 (E.D. Mich. Mar. 22, 2022).

The Court, therefore, did not make a mistake when it denied Plaintiff's motion to alter or amend the judgment on the basis that Plaintiff had not satisfied the "imminent danger" exception to § 1915(g). The new facts alleged in Plaintiff's current motion do not warrant a different outcome. The Court therefore **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**


Dated: July 5, 2022       s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE